MR. DONOVAN LAMONTE HALEY

2123 1/2 East 7th Street

Long Beach, CA 90804

Phone: (760) 577-3435

Email: lamontehaley50@gmail.com

Plaintiff Pro Per / Consumer Applicant

FILED
CLERK, U.S. DISTRICT COURT
OCT 15 2026
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

DONOVAN LAMONTE HALEY,

Plaintiff,

v.

KIM RUTLEDGE, in her Official Capacity as Director of the California Department of Rehabilitation; DAVID PEREZ, in his Individual Capacity; KO KO NAING, in his Individual Capacity; ERWIN PETILLA, in his Individual Capacity; MICHELE WELZ, in her Individual Capacity; SANDRA BRIZUELA, in her Individual Capacity;

Defendants.

CASE NO. 2:26-cv-10599-MWC-PVC

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER AND MANDATORY PRELIMINARY INJUNCTION; EX PARTE MEMORANDUM OF POINTS AND AUTHORITIES; AND SWORN VERIFICATION DECLARATION

[Federal Rules of Civil Procedure 65(b); Local Rules 7-19, 65-1]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Mr. Donovan Lamonte Haley, appearing Pro Per, hereby moves this Court for an emergency Temporary Restraining Order and a Mandatory Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b) and Local Rules 7-19 and 65-1. Plaintiff moves for an immediate order compelling Defendant Director Kim Rutledge, in her official capacity, and her regional agents to perform their non-discretionary statutory duties under Title I of the Rehabilitation Act of 1973 to bypass local field obstructions and performance-issue specialized barrier-removal vouchers.

Plaintiff seeks emergency injunctive relief to arrest an ongoing, top-down course of administrative retaliation, record corruption, and programmatic obstruction that functions as an absolute blockade to his vested civil rights. Absent immediate judicial constraint, the Defendants' intentional, calculated non-performance will continue to lower Plaintiff's clinical seizure threshold, inflicting severe neuro-physiological trauma and life-threatening medical collapses.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Sworn Verification Declaration of Mr. Donovan Lamonte Haley, the attached exhibits of record, and any such oral or documentary evidence as may be presented at a hearing on this matter.

MEMORANDUM OF POINTS AND AUTHORITIES

I. LEGAL STIPULATIONS AND SYSTEMIC FRAMEWORKS

To isolate and define the parameters of the Defendants' administrative malfeasance, this application invokes the structural taxonomy of controlling federal and state jurisprudence, complemented by the specialized definitions of Black's Law Dictionary:

A. Injury In Fact: An actual, concrete, particularized invasion of a legally protected interest that is imminent, not conjectural. The local unit's total withholding of an Individualized Plan for Employment (IPE) establishes a clear injury in fact.

B. Irreparable Injury: An injury for which no certain pecuniary standard exists for the measurement of damages, or which cannot be adequately repaired by an award of money damages alone. The bad-faith withholding of dental procurement vouchers for an individual with severe grand mal epilepsy creates a life-threatening airway choking hazard, satisfying the heaviest standards of irreparable harm.

C. Vested Right: A right that has so completely and lawfully matured that it constitutes a present, fixed interest immune from retrospective administrative impairment. Under the mandatory bounds of 34 C.F.R. § 361.41(b)(1) and Title 9 CCR § 7060, Plaintiff's rights fully matured and vested on May 10, 2026.

D. Prior Restraint: Any administrative restriction, prohibition, or threat of punishment imposed on communication prior to its actual expression. Team Manager Ko Ko Naing's text-verified August 18 directive threatening case closure for noncompliance if Plaintiff copied oversight boards on civil rights grievances constitutes a textbook prior restraint.

E. Malfeasance in Office: The commission of an act that is wholly wrongful, executed by public officials acting under color of office, which infringes upon a citizen's constitutional protections. The manual infiltration of Plaintiff's server file to inject unauthorized psychiatric labeling represents actionable malfeasance.

II. MASTER NARRATIVE OF FACT AND RECORD

Plaintiff Mr. Donovan Lamonte Haley is a 58-year-old corporate professional serving as the validly elected and active Chief Executive Officer and Executive Director of Universal Rise, Inc., a registered California Nonprofit Public Benefit Corporation (California Secretary of State File No. B20260097927). Plaintiff manages permanent neurological limitations stemming from a head injury, subarachnoid hemorrhage, and traumatic brain injury, which are completely stabilized and managed under a strict daily medical regimen.

On March 11, 2026, Plaintiff delivered a completed DR 222 Application for Services directly to the South Bay Compton branch office. Local leadership suppressed this application, keeping the filing dormant and offline for 105 calendar days until June 26, 2026, directly violating the 60-day mandatory eligibility ceiling imposed by 34 C.F.R. § 361.41(b)(1) and Title 9 CCR § 7060. No timeline extension was ever consented to or signed by Plaintiff. Consequently, Plaintiff's statutory property interest in vocational services fully matured and legally vested on May 10, 2026.

To mask this structural default, local management transferred the physical case file to the DTLA branch office, manually manipulating the electronic system to log a false opening timestamp of

July 15, 2026. Instead of moving directly to IPE formulation under the federal standard of Informed Choice (34 C.F.R. § 361.52), local staff weaponized the case file. On August 13, 2026, Counselor David Perez verbally pathologized Plaintiff over the phone, claiming Plaintiff suffered from "childhood trauma" and required an external evaluation to proceed. On August 18, 2026, at 10:32 AM, Plaintiff filed an urgent civil rights grievance with the central appellate unit. Exactly 53 minutes later, at 11:25 AM, Team Manager Ko Ko Naing issued an explicit prior restraint, threatening Plaintiff with immediate case closure for "noncompliance" if he continued to copy executive leadership on his grievances.

At 8:00 AM on August 25, 2026, Plaintiff delivered an explicit written Formal Revocation of Consent, voiding his signature on DOR Form DR 260. Defying this actual notice, local staff executed an unauthorized data transfer at 4:49 PM that afternoon under Voucher Authorization NMED538152055, spilling Plaintiff's Protected Health Information (PHI) to a third-party database. Concurrently, Regional Director Erwin Petilla manually entered the live electronic AWARE database to inject unverified, non-clinical psychiatric profiling labels ("schizophrenia, psychotic disorder, and depression") into the server logs to destroy Plaintiff's administrative credibility before the appellate unit.

On September 11, 2026, Administrative Review Officer Socorro Vitro issued a final decision ratifying these actions, denying all auxiliary service vouchers, and seeking to retroactively deploy an August 31, 2026 statewide Order of Selection waitlist policy to trap Plaintiff's mature, vested file behind a post-dated fiscal barrier. On October 12, 2026, at 1:44 PM, due to continuing state-level database corruption and systemic civil rights attacks, Plaintiff filed his formal Notice of Revocation of Offer of Compromise/Settlement, completely rescinding any past extensions or settlement parameters under an active realization that local staff operate with structural malice.

## III. ARGUMENT: THE BALANCING OF EQUITIES MANDATES INJUNCTIVE INTERVENTION

The traditional criteria for the issuance of a Temporary Restraining Order and Mandatory Preliminary Injunction are met under Ninth Circuit law (Winter v. Natural Resources Defense Council, Inc.):

1. Likelihood of Success on the Merits: Under the Vested Rights Doctrine, Plaintiff's rights fully matured and vested on May 10, 2026. The state cannot utilize an intentional 105-day processing backlog to retroactively apply a subsequent local waitlist shield.

Furthermore, the sub-hour written threats of case closure (Naing at 53 minutes; Welz at 51 minutes) constitute an unconstitutional administrative prior restraint under Brodheim v. Cry, 584 F.3d 1262 (9th Cir. 2009).

2.

2. Likelihood of Irreparable Harm: The intentional creation of a hostile, hyper-stressed institutional environment functioned as a malicious iatrogenic stressor that severely lowered Plaintiff's biological seizure threshold, directly inducing a massive grand mal generalized tonic-clonic seizure on September 13, 2026, requiring emergency acute care hospitalization at St. Mary's Medical Center, followed by a secondary traumatic seizure collapse on October 10, 2026. Most critically, the ongoing withholding of dental physical restoration funding for a permanently anchored All-on-4 prosthesis creates an immediate, life-threatening airway choking hazard during generalized epileptic episodes, as standard removable dentures are strictly clinically contraindicated. This severe biological danger establishes an absolute showing of non-compensable irreparable harm.

3. Balance of Equities and Public Interest: The California Department of Rehabilitation suffers zero hardship by electronically issuing required auxiliary vouchers to an indigent consumer. Conversely, the hardship to a 58-year-old consumer navigating epilepsy and transit starvation is catastrophic. The public interest is profoundly served by forcing state actors to adhere to federal civil rights mandates, Title II of the ADA, and Section 504 of the Rehabilitation Act of 1973.

## IV. PRAYER FOR COMPULSORY EMERGENCY RELIEF

Plaintiff respectfully requests that this Court enter an Order directing the immediate implementation of the following structural administrative cures:

1. Compulsory Caseload Reassignment: Order Defendant Director Kim Rutledge to bypass the obstructed South Bay Compton and DTLA local field offices, reassigning Caseload ID 440-337 / Participant ID #46935 to an independent senior Qualified Rehabilitation Professional specializing in Traumatic Brain Injuries and corporate-executive level tracks.

2. Database Expungement: Order the immediate, permanent structural removal and expungement of all unverified, non-clinical psychiatric profiling labels ("schizophrenia," "psychotic disorder") injected into Plaintiff's electronic AWARE server log by Defendant Erwin Petilla on August 25, 2026.

3. Dissolution of Prior Restraints: Order the immediate executive lifting and cancellation of the August 7 Communication Plan and all telephonic, electronic, and written communication bans

enforced against Plaintiff's address, fully restoring unhindered access to independent administrative oversight bodies, including Consumer Affairs (CAQA).

4. Compulsory Issuance of All Specialized Barrier-Removal Vouchers: Order the immediate authorization, electronic performance-issuance, and dispatch of the following five distinct auxiliary service vouchers required to break Plaintiff's geographic, digital, and physical isolation under 34 C.F.R. § 361.48 and Title 9 CCR § 7149:

- Voucher 1 (DMV Prerequisite Fees): Direct procurement and release of an electronic voucher covering the $46.00 DMV testing fee to secure a replacement examination date under online Confirmation Code CED3-4D0F, curing the programmatic obstruction that caused the automatic forfeiture of his locked October 12, 2026 exam window.

- Voucher 2 (Transportation Services Support): Immediate provision of a specialized $100.00 public transportation travel allowance alongside a monthly public transit EZ-bus pass from the 90804-zip code area to access municipal civil service testing sites.

- Voucher 3 (Technology and Digital Infrastructure): Direct provision of service vouchers for an enterprise computer laptop, a standard Wi-Fi-enabled mobile printer, and continuous monthly home internet data vouchers to permit online corporate governance of Universal Rise, Inc. and civil service job submissions.

- Voucher 4 (Occupational Apparel and Safety Outfitting): Immediate delivery of clothing vouchers to purchase Plaintiff's required 32-item occupational wardrobe inventory, consisting of 7 pairs of Dickies/Ben Davis work uniforms, 7 pairs of professional interview garments, 2 pairs of dress shoes, and 2 pairs of safety work boots.

- Voucher 5 (Special Accommodation Dental Procurement): Immediate funding, procurement tracking, and authorization under Section 504 and Title 9 CCR § 7128 for a permanently anchored, fixed All-on-4 implant-supported prosthesis to eliminate the active, life-threatening airway choking hazard caused by state-induced grand mal epileptic episodes.

SWORN STATUTORY VERIFICATION DECLARATION

I, Mr. Donovan Lamonte Haley, declare under penalty of perjury under the laws of the United States of America (pursuant to 28 U.S.C. § 1746) and under the laws of the State of California (pursuant to California Code of Civil Procedure § 2015.5) that I am the Plaintiff Pro Per in this civil rights action; that I have read the foregoing Notice of Motion, Memorandum of Points and Authorities, and Motion for Emergency Injunction; and that every itemized chronological milestone, calendar calculation, state-induced physical injury timeline, text-verified database log transcript, and specific barrier-removal voucher request detailed within this application is

entirely true, accurate, and correct based upon my own first-hand personal knowledge and original agency records.

Executed this 13th day of October, 2026, at the City of Long Beach, County of Los Angeles, State of California.

By: ______________________

Mr. Donovan Lamonte Haley

Plaintiff Pro Per / Consumer Applicant

Chief Executive Officer & Executive Director, Universal Rise, Inc.



PVC

MR. DONOVAN LAMONTE HALEY
2123 ½ E 7TH ST
LONG BEACH, CA. 90804
IN PRO PER

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 15 2026
CENTRAL DISTRICT OF CALIFORNIA

CV

UNITED STATES DISTRICT COURT
WESTERN DIVISION
OFFICE OF CLERK RM. 180
255 E TEMPLE STREET