DONOVAN LAMONTE HALEY

2123 1/2 East 7th Street

Long Beach, CA 90804

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
NOV - 2 2026
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

DONOVAN LAMONTE HALEY,

Plaintiff,

vs.

KIM RUTLEDGE, et al.,

Defendants.

Case No.: 2:26-cv-10599-MWC-PVC

(Companion Case No.: 2:26-cv-07969-MWC-PVC)

PLAINTIFF'S EMERGENCY MOTION FOR ADMINISTRATIVE DECOUPLING AND MANDATORY SEVERANCE PURSUANT TO FRCP 21 AND LOCAL RULE 7-4; SWORN DECLARATION IN SUPPORT

I. MANDATORY AI DISCLOSURE AND INDIGENCY SPECIAL ACCOMMODATION REQUEST

I, Mr. Donovan Lamonte Haley, appearing Pro Se, formally disclose to this Court that I used Google AI assistive technology on my personal HP laptop (Intel Core i5 processor) and my home printer to help me arrange, format, and type out this plain-paper filing. I am formally telling the Court that I am completely indigent. I survive on only $221.00 a month in county General Relief and $292.00 a month in SNAP benefits. Because of my severe poverty, combined with my heavy disabilities from a permanent Traumatic Brain Injury (TBI), severe short-term memory loss, and grand mal epilepsy, I physically and financially do not have the ability to get or format my court papers on traditional 1-28 numbered legal pleading paper. Under the federal In Forma Pauperis statute (28 U.S.C. § 1915), Section 504 of the Rehabilitation Act, and the United States Supreme Court ruling in Erickson v. Pardus, 551 U.S. 89, 94 (2007)—which states that pro se papers must be held to less strict standards—I request that the Court accept this clean, readable plain-paper filing. I ask the Court to order the Clerk not to let technical formatting rules block my right to federal justice.

II. MOTION FOR IMMEDIATE DECOUPLING AND SEVERANCE

I hereby move this Court for an emergency Order under Federal Rule of Civil Procedure 21 telling the Clerk of the Court to immediately decouple, sever, and separate this Civil Rights case from the tracking codes and protocols meant for my standalone Social Security SSI Appeal (Haley v. O'Malley, Case No. 2:26-cv-07969-MWC-PVC).

I have an absolute constitutional and statutory right to have this 42 U.S.C. § 1983 action tracked, visible, and adjudicated as an independent civil rights lawsuit. The ongoing clerical confusion that keeps this file locked inside a restrictive Social Security database index threatens to contaminate my active SSI claim, completely blocking my right to administrative due process.

III. MEMORANDUM OF POINTS AND AUTHORITIES

1. Description of the Clerical Database Cross-Coding Error

I am currently running two completely different lawsuits in this District that have nothing to do with each other:

1. My SSI Appeal (2:26-cv-07969-MWC-PVC): This is a strict statutory review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), which belongs at the Edward R. Roybal Courthouse on Temple Street.

2. This Civil Rights Case (2:26-cv-10599-MWC-PVC): This is an independent constitutional lawsuit seeking damages under 42 U.S.C. § 1983 against individual workers at the California Department of Rehabilitation (DOR) for violating my First and Fourteenth Amendment rights, which belongs at the First Street Courthouse.

Because of an administrative mistake at initial intake processing, the clerk's office mistakenly duplicated the data codes assigned to my Social Security case and cross-applied them to this independent civil rights action. I filed a formal Notice of Errata on October 21, 2026, but the database restrictions have not been removed. Because of this, my civil rights case is erroneously shielded from national PACER search platforms, hiding my constitutional claims from standard public view.

2. Severance Is Required Under FRCP 21 to Protect My Rights

Federal Rule of Civil Procedure 21 gives this Court the clear power to correct this misjoinder at any time, stating: "The court may at any time, on just terms, sever any claim." Ninth Circuit law shows that courts must sever actions when leaving unrelated claims mixed together confuses the record, delays the timelines, and causes major prejudice to a person's substantial rights.

Leaving this Section 1983 lawsuit mixed up under Social Security tracking protocols causes severe, ongoing harm to both of my active cases:

• It Destroys the Scope of My SSI Review: My Social Security appeal can only look at whether the ALJ's 2025 decision was supported by substantial evidence. Forcing this civil rights case into that same database track improperly introduces outside, non-adjudicated 2026 facts—such as the DOR's data blackouts, retaliatory communication bans, and my recent stress-induced grand mal seizures—into my Social Security record.

• It Sabotages My Timelines: I have fully followed my scheduling orders and filed my Plaintiff's Opening Brief in my SSI appeal on October 23, 2026. The clerk's office cross-coding error creates an administrative logjam that delays my vital federal subsistence safety net while I am indigent.

• Jurisdictional Conflicts: A Social Security docket has zero legal power or jurisdiction to rule on my personal monetary damage claims ($2.5 Million total asset tracking) against individual state employees under 42 U.S.C. § 1983.

IV. CONCLUSION & RELIEF SOUGHT

I have done my part to keep my records organized. I demand that my rights be protected from administrative confusion. Forcing these cases together creates a barrier that punishes poverty. Because service has not yet been ordered or initiated by the Court against the DOR defendants, this motion is directed straight to the judges to fix the database routing.

I respectfully request that this Court issue an immediate Order:

1. Telling the Clerk of the Court to completely decouple and sever this case (Case No. 2:26-cv-10599) from all Social Security tracking dockets.

2. Confirming its clear classification as a standard Civil Rights suit, ensuring it is completely decoupled from the restrictive coding assigned to SSI dockets.

3. Verifying its proper, open indexing on all public-facing federal court tracking databases so that I can proceed with my constitutional claims.

FORMAL CIVIL DECLARATION UNDER PENALTY OF PERJURY

I, Mr. Donovan Lamonte Haley, declare under penalty of perjury under the laws of the United States of America (per 28 U.S.C. § 1746) and under the laws of the State of California (per California Code of Civil Procedure § 2015.5) that everything written in this emergency decoupling motion, my case numbers, and my expressions of immediate harm are entirely true, accurate, and correct to the best of my personal knowledge, information, and belief.

Executed on October 30, 2026, at the City of Long Beach, County of Los Angeles, State of California.

Respectfully submitted,

Mr. Donovan Lamonte Haley

In Pro Per



FROM:
Mr. Donovan Lamonte Haley, In Pro Per
2123 1/2 E. 7th Street
Long Beach, CA 90804




PVC

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 2 - 2026

TO:
UNITED STATES DISTRICT COURT - WESTERN DIVISION
Office of the Clerk / Intake Window - Room 180
255 E. Temple Street
Los Angeles, CA 90012

RE: Case No. 2:26-cv-10599-MWC-PVC

3

FRI 30 OCT 2026 PM