UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-10599-MWC-PVC Date: November 4, 2026

Title: Donovan Lamonte Haley v. Kim Rutledge, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING WITH PREJUDICE PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. [35]) AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (DKT. [42])**

Before the Court is *pro se* Plaintiff Donovan Lamonte Haley's ("Plaintiff") Third Emergency *Ex Parte* ("Application") for a Temporary Restraining Order and Preliminary Injunction. Dkt. # 35 ("*Appl.*"). In support of his Application, Plaintiff filed a Request for Judicial Notice ("RJN"). Dkt. # 42 ("*RJN*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **DENIES WITH PREJUDICE** the Application and **DENIES AS MOOT** the Request for Judicial Notice.

I. Background

On August 24, 2026, Plaintiff filed his initial Complaint. Dkt. # 1. On October 15, 2026, Plaintiff filed his first Emergency *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction, seeking "emergency injunctive relief to arrest an ongoing, top-down course of administrative retaliation, record corruption, and programmatic obstruction that functions as an absolute blockade to his vested civil rights." Dkt. # 13 at 2. On October 22, 2026, the Court denied Plaintiff's Application without prejudice for failure to (1) notify Defendants and (2) establish entitlement to mandatory injunctive relief. Dkt. # 14 at 6. The Court's Order stated: "Plaintiff's factual allegations are disjointed and conclusory, and Plaintiff offers no basis in law upon which the Court could grant the requested relief." *Id.* at 5–6. The Court further cautioned Plaintiff that the Court would strike any subsequent pleadings which failed to attach a declaration attesting to the use or non-use of Artificial Intelligence ("AI"). *Id.* at 6–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-10599-MWC-PVC Date: November 4, 2026

Title: Donovan Lamonte Haley v. Kim Rutledge, *et al.*

On October 23, 2026, the Court struck Plaintiff's second *Ex Parte* Application for Emergency Temporary Restraining Order and Preliminary Injunction for failure to attach the required AI declaration. *See* Dkt. # 23. On October 26, 2026, Plaintiff filed the instant Application. *Appl.* In his third Application, Plaintiff reasserts the same meritless legal claims, "disjointed and conclusory" factual allegations, and yet again, "Plaintiff offers no basis in law upon which the Court could grant the requested relief." Dkt. # 14 at 5–6.

## II. Discussion

In this action, Plaintiff has repeatedly put forth pleadings comprised of nonsensical AI-generated arguments[1] with no legitimate basis in law or fact which could provide grounds for relief, and no indication that the Court would be capable of providing the relief sought. *See, e.g., Appl.* at 3 (seeking activation of Plaintiff's unspecified "file," and "command[ing] the immediate, expedited development of his Individualized Plan for Employment (IPE)."); Dkt. # 13 at 5 ("The intentional creation of a hostile, hyper-stressed institutional environment functioned as a malicious iatrogenic stressor that severely lowered Plaintiff's biological seizure threshold,"); Dkt. # 11 at 4 (alleging, without supporting evidence, that Defendants "engineered a malicious data-poisoning operation.").

Finding no basis in law or fact which could justify granting the Application, and given Plaintiff's repeated failure to cure the defects in his meritless pleadings, the Court **DENIES WITH PREJUDICE** Plaintiff's Application (Dkt. # 35). Because the Court did not rely on Plaintiff's RJN in ruling on the instant Application, RJN (Dkt. # 42) is **DENIED AS MOOT**.

## III. Rule 11 and Dishonesty Regarding Use of Artificial Intelligence

Federal Rule of Civil Procedure ("Rule") 11 provides for sanctions where a party advances an argument in a signed pleading before the Court (1) "presented for any improper purpose"; or (2) not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law[.]" Fed. R. Civ. P. 11(b)(1)–(2). "Rule 11 also applies to *pro se* plaintiffs." *Banga v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, No. 2:25-CV-3134-DAD-CKD (PS), 2026 WL 968000, at *1 (E.D. Cal. Apr. 9, 2026) (citation omitted).

[1] *See* Section III for further discussion of Plaintiff's AI-generated pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-10599-MWC-PVC Date: November 4, 2026

Title: Donovan Lamonte Haley v. Kim Rutledge, *et al.*

This Court's Civil Standing Order requires every pleading to attach "a separate declaration, signed under penalty of perjury, disclosing the use or non-use of generative [AI]" including a certification that "either (a) no portion of the filing was drafted by AI, or that (b) AI was used in drafting a portion of the filing, and that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligation." *See* Civil Standing Order, Honorable Michelle Williams Court, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ¶ 1a.

Here, Plaintiff's AI declaration attests that Plaintiff "supplemented" his pleading by using "Google's generative artificial intelligence tools to assist me with structural organization, grammar, correction, and syntax clarity." Dkt. # 43. The Court is <u>highly skeptical</u> that AI was not used beyond assisting with structure, grammar, and syntax. The sheer volume of pleadings points to AI-usage in generating legal arguments and bulk drafting. For example, Plaintiff filed over twenty-five individual pleadings between October 21, 2026, and October 29, 2026. *See* Dkts. 16–22, 24–33; 35–45. Further, the pleadings themselves are rife with legal terms applied to circumstances completely unrelated to their meaning—signature characteristics of AI-generated 'legal' writing. *See, e.g.*, *Appl.* at 2 (describing alleged "fabricated database manipulation" as "complete denial of due process"); *id.* (construing denial of Plaintiff's request for government "electronic metadata" as "an egregious First Amendment Prior Restraint and Civil Rights Retaliation under federal regulation 34 C.F.R. Section 100.7(e) and Ninth Circuit Authority" though the cited regulation and case have no relation to Plaintiff's claims.).

**The Court instructs Plaintiff that dishonesty in attesting to the use or non-use of artificial intelligence is grounds for <u>sanctions</u>.** *See* Civil Standing Order ¶ 1a; Fed. R. Civ. P. 11. The Court cautions Plaintiff that, although AI use is permitted, **<u>Artificial Intelligence cannot and will not generate a meritorious argument where one simply does not exist.</u>**

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ